**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MELVIN MIMS,

        Plaintiff,                    CIVIL ACTION NO. 11-11978

vs.

                                           DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF                MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION:**  This Court recommends that Plaintiff's Motion For Summary Judgment (docket no. 9) be denied, Defendant's Motion for Summary Judgment (docket no. 12) be granted, and the instant complaint be dismissed.

**II.  PROCEDURAL HISTORY:**

Plaintiff filed an application for a period of disability and disability insurance benefits on July 13, 2007 and an application for supplemental security income on July 19, 2007, alleging disability since May 30, 2007.  (TR 46).  The Social Security Administration denied benefits.  On November 4, 2009 Plaintiff appeared with counsel in Oak Park, Michigan and testified at a video hearing held by Administrative Law Judge (ALJ) Theodore W. Grippo, who presided over the hearing from Chicago, Illinois.  (TR 46).  Vocational Expert (VE) James Breen also appeared and testified at the hearing.  In a February 26, 2010 decision the ALJ found that Plaintiff was not entitled to disability benefits because he was able to perform a significant number of jobs existing in the economy.  (TR 46-59).  The Appeals Council declined to review the ALJ's decision and Plaintiff

filed a timely complaint for judicial review.  The parties filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits employed the proper legal standards and was supported by substantial evidence on the record.

### III.    PLAINTIFF'S TESTIMONY AND RECORD EVIDENCE

#### A.    Plaintiff's Testimony

Plaintiff was thirty-seven years old as of his alleged onset of disability.  (TR 15).  He has a high school education and served eight years in the 82nd Airborne and saw two tours of duty in Iraq.  He worked for the United States Postal Service as a mail handler for approximately ten years.  During his employment with the post office, Plaintiff drove forklifts, worked on the docks loading and unloading trucks, and carried mail sacks weighing as much as seventy-five pounds.  (TR 17).  He was granted disability retirement from the post office due to post traumatic stress disorder (PTSD).  He was also granted partial disability from the Veterans Administration (VA) due to PTSD, knee and breathing problems.  (TR 18, 492).

Plaintiff testified that his knees lock if he sits longer than thirty to sixty minutes or stands longer than one hour.  (TR 18-19).  He has heel spurs that become aggravated with extended periods of walking and he has difficulty climbing stairs.  He suffers from depression and is being treated by a psychologist at the VA Hospital.  Plaintiff testified that he has panic attacks once or twice a week, shortness of breath, and concentration problems.  He is taking Citalopram and Trazodone which make him drowsy and lightheaded.  He uses a CPAP machine to treat sleep apnea but no other breathing treatments.  Plaintiff takes Motrin to relieve his knee pain but he is not under active treatment for his knee condition.

Plaintiff testified that he is unable to work a standard forty hour work week because he has difficulty with crowds, he is easily angered, and his knee problems require him to stretch his legs every thirty minutes. He testified that he lives alone and spends his days laying down and relaxing, watching television, and reading. (TR 23).

**B.     Medical Evidence**

The medical record reveals that Plaintiff has been diagnosed with chronic PTSD causing nightmares, sleep disturbances, isolation, olfactory hallucinations, and flashbacks, as well as hypertension, depression, chronic anxiety, obstructive sleep apnea, and obesity. (TR 276, 310). On September 4, 2007 James Tripp, ED.D completed a Psychiatric Review Technique and Mental Residual Functional Capacity Assessment and found that Plaintiff did not meet the criteria of listing 12.06 because he exhibited only mild limitations in activities of daily living, moderate difficulties in maintaining social functioning, and concentration, persistence, or pace, and no episodes of decompensation. (TR 264-77). Mr. Tripp opined that Plaintiff was moderately limited in his ability to interact with the public and respond to criticism from supervisors. (TR 279). In all other categories, Plaintiff was not significantly limited. (TR 278-79). Mr. Tripp concluded that Plaintiff was able to do simple, sustained, unskilled tasks with persistence and exhibited intact activities of daily living. (TR 280).

On September 19, 2007 Dr. Sonia Ramirez evaluated Plaintiff at the request of the state disability determination service. Dr. Ramirez observed that Plaintiff showed no limitations of functions of the knees except for some pain, with no swelling or tenderness. (TR 283, 286). Plaintiff's gait and balance were normal. (TR 288). Dr. Ramirez observed that Plaintiff was able to stand, bend, stoop, carry, push, pull, squat, climb stairs, and get on and off an examining table.

(TR 287). She noted that Plaintiff wears braces on both knees for support. (TR 282). Dr. Ramirez diagnosed Plaintiff with hypertension and degenerative arthritis of both knees and opined that Plaintiff's chest pains were probably due to hypertension. (TR 283).

X-rays of Plaintiff's knees indicated mild degenerative changes with normal muscle strength. (TR 497). An MRI of both knee joints revealed minimal irregularity of the lateral patellar facet with intra-meniscal signal abnormality of the medial meniscus and no meniscal tear. The right knee revealed minimal hyaline cartilage irregularity of the lateral patellar facet and medial femoral condyle, with intra-meniscal signal abnormality of the posterior horn meniscus without meniscal tear. (TR 498). It was observed that Plaintiff did not use a cane or walker. (TR 496). On October 1, 2007 Dr. Muhammad Khalid reviewed the medical evidence of record, noted that an x-ray of the knees was normal, Plaintiff's gait and stance were normal, and opined that Plaintiff was "a non-severe case physically." (TR 291).

The record reveals that Plaintiff underwent multiple chest x-rays and examinations that showed no radiographic evidence of acute cardiopulmonary disease. (TR 338, 417-22). A portable chest x-ray conducted in June 2009 resulted in an impression of borderline cardiomegaly and mild vascular congestion accentuated by limited inspiration and body habitus. (TR 299, 310, 337). In July 2009 Plaintiff was informed that he likely does not have significant coronary artery disease and that his chest pain could be related to gastroesophageal reflux disease. (TR 330). In September 2009 Plaintiff was again told that the cause of his chest pain was not certain, but that his condition did not appear to be serious and his pain did not appear to be coming from his heart. (TR 358).

On March 31, 2010, after the ALJ had issued his written opinion denying Plaintiff's claim to benefits, Dr. Karen Joseph completed a Psychiatric Review Technique finding that Plaintiff meets

the listing in 12.04 because he suffers from depressive syndrome with pervasive loss of interest in almost all activities, sleep disturbance, decreased energy, and difficulty concentrating or thinking. (TR 502, 505). In addition, Dr. Joseph determined that Plaintiff meets listing 12.06 because he suffers from recurrent or intrusive recollections of a traumatic experience which are a source of marked distress. (TR 507). Dr. Joseph also opined that Plaintiff's condition results in marked difficulties in maintaining social functioning and maintaining concentration, persistence, or pace, and four or more episodes of decompensation, each of extended duration. (TR 512).

## IV.   VOCATIONAL EXPERT TESTIMONY

The VE testified that Plaintiff's past relevant work as a mail handler is unskilled labor with medium to heavy physical demands. (TR 33). Prior employment as a security guard was semiskilled with light exertional demands, and prior production assembly work was unskilled with light physical demands. (TR 33). The ALJ asked the VE to testify whether jobs were available for an individual with Plaintiff's age, education, and past relevant work experience who was limited to sedentary work of a simple nature with a sit/stand option and little interaction with the public or co-workers. (TR 34). The VE testified that such an individual could not perform Plaintiff's past relevant work, but could perform work as an eyeglass assembler, circuit board assembler, and some sedentary packaging jobs, comprising approximately 13,500 jobs in the State of Michigan. (TR 35). The VE testified that if the individual was subject to panic attacks one or two times per week that would require him to be absent from work for at least a couple of hours, he would not be able to perform these jobs.

## V.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that although Plaintiff had not engaged in substantial gainful activity during

the period from his alleged onset date of May 30, 2007 through his date last insured of December 31, 2011, and suffers from the severe impairments of osteoarthritis of both knees and an anxiety disorder, he did not have an impairment or combination of impairments that meets or equals the Listing of Impairments. (TR 48-50). The ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform sedentary work provided he is given an option to sit or stand at will, and he is limited to simple, unskilled work with little interaction with other people. (TR 50). Although Plaintiff is not able to perform past relevant work, because there are jobs that exist in significant numbers in the economy that he could perform, the ALJ found that Plaintiff was not under a disability as defined in the Social Security Act. (TR 57-59).

## VI.     LAW AND ANALYSIS

### A.     Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed,

6

even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

**B.     Framework for Social Security Disability Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

Plaintiff argues that the ALJ erred in concluding that Plaintiff's mental impairments do not meet or medically equal the criteria of listing 12.06, and further erred in failing to consider whether

7

Plaintiff meets or medically equals listing 12.04. Plaintiff maintains that Dr. Karen Joseph's March 31, 2010 Psychiatric Review Technique provides clear evidence that Plaintiff satisfies listings 12.04 and 12.06.

The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (*citing Richardson*, 402 U.S. at 401). The court may remand the case to the ALJ under sentence six of 42 U.S.C. § 405(g) to consider additional evidence upon a showing that evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The party seeking remand has the burden of showing that it is warranted. *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (*citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)).

Plaintiff claims that he has good cause for failing to submit Dr. Joseph's Psychiatric Review Technique to the ALJ because the report was not completed until after the ALJ issued his written opinion denying Plaintiff's claim. Contrary to Plaintiff's assertion, however, "good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. Indeed, the Sixth Circuit has adopted a "harder line on the good cause test," requiring the party moving for remand to provide a valid reason for failing to obtain the evidence in time for the hearing. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Plaintiff has

not provided a valid reason for failing to provide Dr. Joseph's Psychiatric Review Technique prior to the hearing. Accordingly, it is the undersigned's opinion that while the new evidence is material, Plaintiff has not satisfied the good cause requirement of section 405(g) and hence has not justified a sentence six remand. The undersigned further concludes that substantial evidence supports the ALJ's decision that Plaintiff did not meet the criteria in listing 12.06. Additionally, given the evidence available to the ALJ, the undersigned concludes that the ALJ did not err in remaining silent on the issue of whether Plaintiff meets or medically equals the criteria of listing 12.04.

Next, Plaintiff argues that the ALJ violated Social Security Ruling 83-12 when he concluded that Plaintiff was not disabled after limiting Plaintiff to simple, unskilled, sedentary work with a sit/stand option. Instead, Plaintiff contends that the ALJ's RFC automatically proves disability because sedentary, unskilled labor that requires a sit/stand option does not exist under the regulations.

In *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224 (6th Cir. 1988), the Sixth Circuit upheld the ALJ's determination that a claimant requiring sedentary, unskilled labor with a sit/stand option was not disabled because the ALJ's conclusion was premised upon VE testimony that the claimant was able to perform a significant number of jobs in the economy. *Id.* at 1227 (a claimant is not disabled simply based on a need to alternate between sitting, standing, and walking if a vocational expert identifies that there are a significant number of sedentary, unskilled jobs existing in the economy that meet the claimant's limitations). In the instant case, the ALJ's conclusion that there are a significant number of jobs existing in the economy that Plaintiff can perform with his limitations is based on VE testimony and the evidence of record. Accordingly, the undersigned concludes that substantial evidence supports the ALJ's findings.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated:  July 6, 2012                         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: July 6, 2012                s/ Lisa C. Bartlett
                                   Case Manager